# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

OMAR E. PADILLA-TORRES,

        Petitioner,   :         Case No. 2:24-cv-4274

  - vs -                             District Judge Algenon L. Marbley
                                          Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

        Respondent.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Omar Padilla-Torres under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 26). District Judge Marbley has recommitted the case for reconsideration in light of the Objections (ECF No. 27).

**Objections Regarding Amended Petition**

In the Objections, Petitioner requested that Judge Marbley "reject the report and recommendation and transfer back to the magistrate for reconsideration based on the Amended Habeas Petition" (ECF No. 26, PageID 1382).

There is no filed amended petition.

Petitioner first sought leave to amend on July 16, 2025, while this case was still referred to Chief Magistrate Judge Stephanie Bowman (ECF No. 10). Respondent timely opposed the Motion

1

(ECF No. 14) and it was still pending when the Magistrate Judge reference was transferred to the undersigned on September 3, 2025 (Transfer Order, ECF No. 17). On the day after transfer, September 4, 2025, the undersigned denied leave to amend without prejudice to renewal with a proposed amended petition, a document Petitioner claimed he had already prepared but not yet filed (ECF No. 18). If indeed that document had already been prepared, it should have been easy for Petitioner to attach it to a new motion to amend. Instead, Petitioner waited until after the undersigned had written and filed the forty-one page Report and Recommendations on the Merits (the "Report," ECF No. 22).

Because the Report had already been prepared and filed, the undersigned denied the renewed motion to amend as moot on October 12, 2025 (ECF No. 24). That Notation Order was mailed to Petitioner on October 14, 2025, allowing him time to object until October 31, 2025. His currently-pending Objections contain the following regarding amendment:

> I. **Objection Regarding Rejection of Amended Petition**
>
> Petitioner would object to the Magistrates finding that, Mr. Torres-Padilla "Petitioner previously sought leave to amend (ECF No. 10). The undersigned denied leave, subject to renewal with an attached proposed amended petition which Petitioner said he had already prepared (ECF No. 18). However, Petitioner has not taken advantage of that offer, so there is no amended petition before the Court." (Order, ECF No. 22, PageID#1314).
>
> The amended petition was created to clarify for the court the constitutional violations originating in the State of Ohio and 28 USCS sec. 2254 (d)(1) & (2) effect on them, so as to ensure both the court and Attorney General for the State of Ohio are aware of his disputes reasoning's. First, Mr. Padilla was transferred from London Correctional Institution to Madison Correctional Inst. June of 2025. Prisoners at Madison Correctional Inst. Do not currently have access to the ECF filing machine at Madison Correctional Institution. Thus, extra time is needed for mailing. Petitioner received the 9-04-25 order for dismissal and refiling on September 12, 2025. He resubmitted the revised Motion for Leave to Amend along with the Amended Petition to the Institution on 9-23- 2025. Though there

2

> was no response time included in the order, he complied in less than the minimum Fourteen day period. The Amended petition clarifies Ground Three and its sub claims, of which there was some factual misstatements, as to the actual sub claims themselves and the identity of an exception under 2254 (d)(1), by both respondent(s) and Magistrate Judge Merz.

(Objections, ECF No. 28, PageID 1381-82).

28 U.S.C. § 2242 provides that a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." The relevant rule in Fed.R.Civ.P. 15 which allows a complaint to be amended once as a matter of course before a responsive pleading is filed. Thereafter amendment must be made with consent of the opposing party or with court permission.

The Petition here was filed December 17, 2024 (ECF No. 1). The Return of Writ was filed April 14, 2025 (ECF No. 8). Petitioner first moved to amend on July 16, 2025 (ECF No. 10). Respondent opposed the motion because, although it claimed a proposed amended petition was attached, in fact there was no such document (ECF No. 14). Petitioner filed a reply memorandum in support of his first motion to amend (ECF No. 16). In it he again claims he has prepared a proposed amended petition, but does not attach it for the Court's or Respondent's reaction. He finally submitted the document with his renewed motion to amend (ECF No. 23) which the undersigned denied as moot because the case had already been recommended for dismissal on the pleadings as they existed on September 30, 2025.

Petitioner's objections to denial of his renewed motion to amend should be overruled. The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any

3

> apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

A motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

Granting amendment at this stage would result in undue delay because it would require re-doing the Report. Petitioner has already unduly delayed consideration of his request to amend by failing, despite several suggestions, to actually tender the proposed amendment. Granting the motion to amend would also prejudice Respondent who has obviously devoted considerable time to litigating the case and has tentatively prevailed.

**Objections Regarding Discovery**

Petitioner sought leave to conduct discovery on July 11, 2025, before the Magistrate Judge reference was transferred (ECF No. 11). Respondent opposed the requested discovery (ECF No. 13) and the request remained pending when the reference was transferred. The undersigned denied the discovery motion September 5, 2025 (ECF No. 19). Petitioner's time to object thus expired October 6, 2025.[1] Therefore Petitioner's Objections are untimely.

Moreover, they are without merit. The undersigned declined the requested discovery on the authority of *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). Petitioner claims he comes within an exception to *Pinholster* recognized by *Caudill v. Conover*, 871 F. Supp. 2d 639 (E.D. Ky. 2012). Petitioner's counsel misread *Caudill*. There Magistrate Judge Edward Atkins denied discovery on exactly the same basis as the undersigned has denied it in this case. He wrote:

> It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing, but allow her to introduce the same factual information via discovery and expansion of the record. Whether obtained during an evidentiary hearing or through post-conviction discovery, new evidence has no bearing on a federal court's review under § 2254(d)(1). *Pinholster,* 131 S.Ct. at 1400.

*Id.* at 645. *Caudill* was decided the year after *Pinholster*, but the Supreme Court decision has been repeatedly applied to bar discovery on the same theory as propounded by Magistrate Judge Atkins.

Petitioner's objection to the denial of discovery should be overruled on the very authority

---

[1] Fourteen days per Fed.R.Civ.P. 72 plus three days for mail delivery per Fed.R.Civ.P. 6.

he cites.

## Objections on the Merits

**Ground One: Failure to Produce Exculpatory Evidence under *Brady v. Maryland***

In his First Ground for Relief, Petitioner claims the State failed to produce to him exculpatory evidence to which he was entitled under *Brady v. Maryland*, 373 U.S. 83 (1963). The Report recommends dismissal of this claim under 28 U.S.C. § 2254(d)(1) upon deference to the Tenth District Court of Appeals' rejection of it.

Petitioner objects that the Report "failed to determine the effect of petitioners claim that the 'full and fair' exception applies to this ground." (Objections, ECF No. 26, PageID 1383). As authority for such an exception, Petitioner relies on *Frank v. Mangum*, 237 U.S. 309 (1915). How a 1915 decision could create an exception to a statute adopted eighty-one years later is unclear. The phrase "full and fair" does not appear in the *Frank* decision. So far as the undersigned is aware, no federal court has recognized a "fully and fair" opportunity exception to AEDPA.

Petitioner claims that his trial was not fair because the jury reached its verdict "without all the factual information necessary to address it." If what Petitioner means is that there is or might be more relevant information about what happened between him and the victim, that is almost always the case. But the rules of evidence, the number of criminal trials which must be held within a limited time, and the limited investigative resources available, trials will almost never provide an opportunity to display all relevant information. Petitioner complains that the prosecution "cherry-picked" the evidence to present, but nothing in the Constitution requires a prosecutor to present everything that can be found, even if it would be admissible under the rules

6

of evidence.

Petitioner objects to the standard of review the Report applies under *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988).

> Magistrate Merz application of unreasonable determination in this matter was not supported by the record, nor did petitioner present a sole factually determinative conflict. In fact, the factual and legal determinations, supra, fit neatly into the Unreasonable Application Prong of Sec. 2254 (d)(1). Applying such a standard corrodes an otherwise grave suppression/destruction of evidence complaint, that if continues to go unchecked will create a manifest injustice. Petitioner would request the District Court to remand back to the Magistrate for further review through the microscope of Sec. 2254 (d)(1).

(Objections, ECF No. 26, PageID 1386).

This objection is unintelligible to the undersigned. The Tenth District found that A.C., the mother of the victim, was not a state actor when she recorded her conversations with Petitioner. That finding is clearly reasonable upon the evidence presented: she was not a state employee or contracted by the police to gather evidence. But in any event, Petitioner did not prove she destroyed evidence in bad faith. She testified that some of her recordings were lost when her phone "burned up." But there was no testimony that she intentionally destroyed the phone. The Objections also do not explain how *Youngblood* (or indeed any other Supreme Court precedent) was unreasonably applied.

Part of Petitioner's *Brady* claim is that, in addition to the recordings made on her phone that A.C. turned over to the police and which were in turn produced in discovery there were additional recordings which should have been disclosed. It is undisputed that A.C.'s disclosure that she made more than six recordings was learned for the first time by both the prosecution and defense during trial when A.C. said as much. Petitioner has no proof of the content of those additional recordings. The Tenth District held Petitioner's claim they were favorable to him was

7

purely speculative.  Petitioner asked this Court to use its "common sense" to overrule that finding of fact.  But "common sense" cannot substitute for evidence and the standard in 28 U.S.C. § 2254(d)(2) is whether a finding is unreasonable based on the evidence presented.

**Ground Two:  Failure to Give Requested Jury Instructions**

In his Second Ground for Relief, Petitioner asserts he was denied due process and equal protection when the trial court failed to give certain requested instructions to the jury.  The Report recommends denying Ground Two on the basis of deference to the Tenth District's rejection of the claim and because "Petitioner has presented no Supreme Court precedent finding a constitutional violation in failure to give a jury instruction."

Petitioner objects that "the magistrate applied AEDEPA [sic] in error because this complaint concerns the pure question of what law applies and he failed to consider that Substantive-Procedural Failings rendered an adjudication Less than Full and Fair" (Objections, ECF No. 26, PageID 1388-89).  As best the Magistrate Judge understands Petitioner's objection it is that he is trying to establish a federal precedent on giving an adverse inference instruction (sometimes called the spoliation instruction) in a criminal case.  But Congress has precluded that conduct by a district court.  To prevail, a habeas petitioner must show that the state court decision is "contrary to or an unreasonable application of clearly  established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  "Identifying clearly established federal law is . . .

8

the 'threshold question under AEDPA." *Dewald v. Wrigglesworth*, 748 F.3d 295, 299 (6th Cir. 2014)(quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In determining what constitutes clearly established federal law, "we must consult 'the holdings, as opposed to the dicta, of [the Supreme] Courts' decisions as of the time of the relevant state-court decision.'" *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). To put it simply, district courts cannot establish precedent in habeas corpus cases; they can only determine if the state courts violated Supreme Court precedent.

**Ground Three: Ineffective Assistance Of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance of trial counsel in three ways: (1) failure to object to "other acts" evidence, (2) failure to request an "other acts" jury instruction and (3) failure to object to the Nationwide CAC report (Reply, ECF No. 12, PageID 1262).

The Report notes that Petitioner raised this claim on direct appeal as his third assignment of error on direct appeal and that the Tenth District had decided it on the merits (Report, ECF No. 22, PageID 1333-45, quoting at length the Tenth District's opinion). The Report found the Tenth District applied the governing standard for ineffective assistance of trial counsel claims found in *Strickland v. Washington,* 466 U.S. 668 (1984), and that its application was not objectively unreasonable.

Petitioner objects

> Petitioner would ask this court to consider the counsels failures as a whole, like the numerous allegations of petitioner being a violent person, the state created atmosphere of the families fear and the well known "doctor washing" of the victims statements to increase its believablity to the jury.

9

(Objections, ECF No. 26, PageID 1392). Petitioner gives no record references at all, despite the explicit command in Chief Magistrate Judge Bowman's Order for Answer that "All papers filed in the case thereafter [i.e., after the State Court Record is filed] by either party must include record references to the PageID number" (ECF No. 4, PageID 30). When a litigant makes allegations about what the record contains but then does not provide record references, the Court is forced to comb the record for possible references and then speculate whether that is what the litigant intended. The requirement for record citation is intended to eliminate that guesswork. Petitioner here has been furnished with a full copy of the State Court Record and is thus able to make record citations. In the absence of such citations, his objections as to Ground Three should be overruled.

**Ground Four: Insufficient Evidence**

In his Fourth Ground for Relief, Petitioner asserts he was convicted on constitutionally insufficient evidence. The Report noted that Petitioner had raised this as his seventh assignment of error on direct appeal and the Tenth District had decided it against him on the merits employing the correct legal standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), and recommended denying this claim (Report, ECF No. 22, PageID 1347-53).

Petitioner objects that the Report (and inferentially the Tenth District's decision) did not consider sufficiently the weakness of the circumstantial evidence (Objections, ECF No. 26, PageID 1392-93). However, there was extensive direct testimony by the victim about Petitioner's conduct. Whether the lack of additional circumstantial evidence was sufficient to undermine the victim's credibility was a question for the jury. In a federal habeas proceeding, state-court credibility determinations are accorded considerable deference given "the respect due state courts in our

federal system," and we presume them "correct absent clear and convincing evidence to the contrary." *Wesson v. Shoop,* 14 F.4th 700 (6th Cir. 2021), citing *Miller-El v. Cockrell,* 537 U.S. 322, 339–40 (2003); see *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983) (explaining that federal habeas courts do not second-guess credibility determinations by state courts where we have not also had an opportunity to observe the testimony).

Petitioner's objection on Ground Four should be overruled.

**Ground Five: Improper Maximum and Consecutive Sentences**

In his Fifth Ground for Relief, Petitioner claims he was improperly sentenced to maximum consecutive sentences in violation of his Sixth Amendment right to have the justifying factors for such sentences found by a jury. In particular the Petitioner relies in this Court on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner presented this claim to the Tenth District, but solely as an issue of Ohio law; *Apprendi* and *Blakely* were not cited. On that basis the Report concluded he had failed to fairly present his federal constitutional claim to the state courts and it was therefore barred by procedural default (Report, ECF No. 22, PageID 1353).

Petitioner objects that "[P]etitioner[']s appellate counsel argued state statute along with the case of *State v. Marcum*, 145 Ohio St. 3d 515 (2012), to support his state and federal constitutional rights." (Objections, ECF No. 26, PageID 1393).

The accurate citation to *State v. Marcum* is 146 Ohio St. 3d 516 (2016)[2]. In that case the Ohio Supreme Court held:

---

[2] The opinion which actually appears at the citation given by Petitioner is *Mahoning County Bar Assn. v. Hanni*, a bar discipline case which has nothing to do with consecutive sentencing or criminal law at all.

11

> 1 appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges, abrogating *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *State v. Hill*, 2014-Ohio-1965, 2014 WL 1878769, and *State v. Simmons*, 2014-Ohio-4191, 2014 WL 4724681, and
>
> 2 appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St. 3d at 516. The Court mentions how it had applied *Apprendi* and *Blakely* in its decision in *State v. Foster,* 109 Ohio St.3d 1 (2006), but then modified *Foster* two years later in light of the Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160 (2009)[3]. The Ohio Supreme Court's decision in *Marcum* is entirely a matter of Ohio statutory and Ohio constitutional interpretation; it does not decide or purport to decide any federal constitutional question.

Petitioner offers no other reference to his appellate brief which would show this claim was argued as a federal constitutional claim to the Tenth District. Nor does he offer any excusing cause and prejudice. The Fifth Ground for Relief is therefore procedurally defaulted and should be dismissed on that basis.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

---

[3] *Ice* held that *Apprendi* and *Blakely* do not require jury determination of whether to impose consecutive sentences.

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 17, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.