IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| OMAR E. PADILLA-TORRES, | : | |
| Petitioner, | : | Case No. 2:24-cv-4274 |
| - vs - | : | District Judge Algenon L. Marbley<br>Magistrate Judge Michael R. Merz |
| | : | |
| WARDEN, London Correctional Institution, | : | |
| Respondent. | : | |

**DECISION AND ORDER**

This habeas corpus case, brought *pro se* by Petitioner Omar Padilla-Torres under 28 U.S.C. § 2254, is before the Court on Petitioner's Supplemental Objections (ECF No. 34-1) to the Magistrate Judge's Supplemental Report and Recommendations on the merits ("Supplemental Report," ECF No. 28) as well as Petitioner's Objections (ECF No. 26) to the Magistrate Judge's original Report and Recommendations on the merits ("Original Report," ECF No. 22).

Fed.R.Civ.P. 72(b) and 28 U.S.C. § 626(b) require a referring District Judge to review Magistrate Judge's reports on the merits *de novo* with particular attention to Petitioner's Objections. Having reviewed the Original Report and Supplemental Report under that standard, the Court enters the following decision.

The Original Report recites the history of this litigation to which Petitioner does not object. It recites that Petitioner was convicted of multiple counts of sexual abuse of his minor

stepdaughter, R.S., and sentenced to imprisonment for fifty years to life. Petitioner pleads the following grounds for relief:

> **Ground One:** The cumulative effect of the State's failure to provide certain discoverable evidence resulted in a violation of Mr. Padilla-Torres [sic] right to due process required by the U.S. and Ohio Constitutions.
>
> **Supporting Facts:** There was favorable evidence that was not provided to the defendant. As the brief relates 2 categories of suppressed evidence was identified by the Petitioner. These recordings are favorable and potentially useful to Padilla-Torres.
>
> **Ground Two**: The Court wrongly denied jury instructions offered by the Petitioner and failed to properly instruct the jury about missing evidence violating Appellant's right to due process and equal protections as required by the U.S. and Ohio Constitutions.
>
> **Supporting Facts**: The Petitioner supplied the court with a set of instructions concerning missing evidence and the failure to disclose evidence. The trial court failed to give the requested instruction.
>
> **Ground Three:** The Petitioner was provided the ineffective assistance of counsel when trial counsel failed to object to 404(b) evidence and failed to request other acts instruction.
>
> **Supporting Facts:** Counsel failed to object to the admission of 404(B) evidence. Counsel failed to object to the jury receiving a child's statement when that was clearly prohibited. Counsel failed to request other acts instruction. This left the evidence uncontested. He also failed to object to the entire National Report Instruction. [sic]
>
> **Ground Four:** Petitioner was denied due process and equal protection of the law when he was convicted and sentenced on insufficient evidence required by the U.S. and Ohio Constitutions.
>
> **Supporting Facts**: The jury could not have found each element of the offenses was proven beyond a reasonable doubt. The most recent offenses, counts one through four, the petitioner was acquitted. The Petitioner was then put to the task of disproving the remaining allegations, not the State prove the allegations. [sic]

> **Ground Five**: Trial court erred to the prejudice of the Appellant by improperly sentencing him to maximum and consecutive prison terms.
>
> **Supporting Facts:** The trial court failed to state the statutory language on the record or in the entry. No findings were made to support consecutive sentences.

(Petition, ECF No. 1, PageID 5-11).

**Ground One: Failure to Disclose Favorable Evidence in Violation of *Brady v. Maryland***

In his First Ground for Relief, Petitioner asserts the State of Ohio failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In a criminal case, the State has a duty to produce exculpatory evidence; if the State withholds evidence and it is material, the conviction must be reversed. In the Original Report, the Magistrate Judge noted that the Ohio Tenth District Court of Appeals had decided this claim on the merits against Petitioner (ECF No. 22, PageID 1319-26, quoting *State v. O.E.P.T.*[1], 218 N.E.3d 237, 2023-Ohio-2035, ¶¶ 54-81 (Ohio App. 10th Dist. Jun. 20, 2023). The Magistrate Judge found this decision entitled to deference under both 28 U.S.C. § 2254(d)(1) and (d)(2), particularly on the question whether A.C., the victim's mother, was a state actor when she made the recordings in issue (ECF No. 22, PageID 1328).

Petitioner objected that "the Report 'failed to determine the effect of petitioners claim that the 'full and fair' exception applies to this ground.'" (Objections, ECF No. 26, PageID 1383). In the Supplemental Report, the Magistrate Judge concluded the Tenth District's decision could not be set aside on the basis of a finding, not supported by the record but by "common sense," that more recordings existed (ECF No. 22, PageID 1328). He also doubted the existence of what

[1] As the Magistrate Judge notes, the appellate decision uses Petitioner's initials without disclosing why his name is not published.

Petitioner calls the "full and fair exception" in that it was supposedly based on Supreme Court decisions issued more than fifty years before the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was enacted.

In his Objection to the Supplement Report (ECF No. 34-1), Petitioner insists his First Ground for Relief must be analyzed both under *Brady, supra,* and *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988). His argument challenges the Magistrate Judge's use of the term "common sense" in the Supplemental Report in deciding the Court could not use its "common sense" to find A.C. had more recordings than she turned over to the prosecutor.

To prevail on a *Brady* claim, a petitioner must persuade the Court that the State possessed additional exculpatory evidence it did not disclose to the defense. To prove a *Youngblood* claim, a petitioner must show the police acted in bad faith when they destroyed evidence which could have exonerated a defendant. The Magistrate Judge's recommended rejection of both of these claims is based on recommended deference to the Tenth District's finding that A.C. was not a "state actor," but also its findings that Petitioner's claim that there were exculpatory recordings was speculative and that any destruction could have come when A.C.'s phone "burned up." Ultimately, however, as the Tenth District itself concluded, the finding that she was not a state actor was fatal to both the *Brady* claim and any *Youngblood* claim. *State v. O.E.P.T., supra,* at ¶ 80.

The Court finds no error in the Magistrate Judge's analysis of Ground One which is hereby adopted. Petitioner's objections on Ground One are overruled.

**Ground Two: Unconstitutional Jury Instructions**

In his Second Ground for Relief, Petitioner challenges the trial court's jury instructions for failure to tell the jury it could draw an adverse inference about the content of unpreserved telephone recordings, often known as a "spoliation instruction". The Magistrate Judge concluded Petitioner had not shown the Tenth District's rejection of this claim was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent (Original Report, ECF No. 22, PageID 1332). Petitioner objected that "the magistrate applied AEDEPA [sic] in error because this complaint concerns the pure question of what law applies and he failed to consider that Substantive-Procedural Failings rendered an adjudication Less than Full and Fair" (Objections, ECF No. 26, PageID 1388-89). In the Supplemental Report, the Magistrate Judge quoted authority which forbids District Courts from adopting new law in deciding habeas corpus cases governed by AEDPA, but requires them to apply United States Supreme Court precedent as of the time they decided the case. (Supplemental Report, ECF No. 28, PageID 1406-07).

In his Objections to the Supplemental Report, Petitioner relies on two Supreme Court cases, *James v. Kentucky*, 466 U.S. 341 (1984) and *Reeves v. Sanderson Plumbing Prods,* 530 U.S. 133 (2000). In *James* the Supreme Court held the Constitution obliges a trial judge to tell the jury not to draw an adverse inference from defendant's failure to take the stand. Thus, the required instruction protects a defendant's privilege not to become a witness against himself. It has nothing to do with the spoliation instruction Petitioner's counsel requested here and which Petitioner insists is constitutionally obligatory. *Reeves* is an Age Discrimination in Employment Act case. Although it was tried to a jury, no jury instruction was considered by the Supreme Court.

The Court concludes that there is no requirement supported by Supreme Court precedent that requires giving a spoliation instruction in a state criminal case. Therefore, the Magistrate Judge's recommendation to dismiss Ground Two is adopted and Petitioner's objections are overruled.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance of trial counsel in three ways: (1) failure to object to "other acts" evidence, (2) failure to request an "other acts" jury instruction and (3) failure to object to the Nationwide CAC report (Reply, ECF No. 12, PageID 1262). The Original Report noted that the Tenth District had rejected this claim on the merits (ECF No. 22, PageID 1333-45, quoting *State v. O.E.P.T., supra*, at ¶¶ 145-86.). The Magistrate Judge recommended deference to the Tenth District' decision. *Id.* at PageID 1347.

Petitioner objected but offered no record citations at all. In the absence of such citations, which Chief Magistrate Judge Bowman had ordered in the Order for Answer, the Supplemental Report again recommended dismissal (ECF No. 28, PageID 1408).

Petitioner again objected, but still did not provide record citations to the claimed instances of prejudice. Instead he asserts that some unspecified part of the State Court Record which was served on him was lost during an institutional transfer. He does not claim he ever before reported this to the Court or attempted to recover the lost records. Rather, he falls back on *Haines v. Kerner*, 404 U.S. 519 (1972). That case requires federal courts to construe *pro se* pleadings liberally. That is nowhere near the same as what Petitioner proposes: to wit, that the Court should comb through the lengthy trial record looking for possible instances of prejudice from counsel's failure to act.

The Court concludes Petitioner has failed to show prejudice from his trial counsel's omissions. Therefore. the Magistrate Judge's recommendation is adopted and Ground Three will be dismissed with prejudice.

## Ground Four: Conviction Upon Insufficient Evidence

In his Fourth Ground for Relief, Petitioner asserts he was convicted on constitutionally insufficient evidence. The Original Report noted that the Seventh District Court of Appeals had also decided this claim on the merits. The Magistrate Judge noted that the Tenth District had applied the correct federal standard and recommended deference to its decision (ECF No. 22, PageID 1352-53).

Petitioner objected that neither the Original Report nor the Tenth District's decision considered the weakness of the circumstantial evidence (Objections, ECF No. 26, PageID 1392-93). The Supplemental Report noted that there was extensive direct testimony by the victim and that the Sixth Circuit had found direct victim testimony sufficient on a number of occasions (ECF No. 28, PageID 1408-09).

Petitioner now objects that neither the state court nor the Magistrate Judge reached the merits of Grounds Five through Thirteen (ECF No. 34-1, PageID 1444). As the Court understands this objection, it is that there was insufficient evidence to prove that the victim was under ten years of age when he performed the oral sex on her which grounded the convictions on Grounds five through thirteen. The victim's being under ten was an element of those offenses. Here, too, the Tenth District credited the victim's direct testimony about her age and found it sufficient without any birth certificate or other documentary proof. *State v. O.E.P.T., supra,* at ¶¶'s 140-44. This decision of the Tenth District is also entitled to deference. No Sixth Circuit precedent known to

the Court requires that a person's testimony about her own age requires documentary corroboration. Ground Four will also be dismissed with prejudice.

**Ground Five: Unconstitutional Maximum and Consecutive Sentences**

In his Fifth Ground for Relief, Petitioner claims he was improperly sentenced to maximum consecutive sentences in violation of his Sixth Amendment right to have the justifying factors for such sentences found by a jury. He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

The Original Report recommended that this claim be dismissed as procedurally defaulted because it had not been presented to the Tenth District as a federal constitutional claim (ECF No. 22, PageID 1353). In his Objections, Petitioner relied on the citation in his appellate brief to *State v. Marcum*, 146 Ohio St. 3d 516 (2016). The Supplemental Report noted that *Marcum* was decided purely as a matter of state law and again recommended dismissal (ECF No. 28, PageID 1409-10). Petitioner offers no objection.

**Motion to Amend**

On July 16, 2025, Petitioner moved to amend his Petition, asserting that no new grounds for relief were pleaded, but merely more supportive facts, and claiming the proposed amended complaint was attached (ECF No. 10). The Warden responded within the time allowed by S. D. Ohio Civ. R. 7.2 that the service copy of the Motion did not have the purported attachment and therefore "the Warden is unable to opine as to whether Petitioner's claim that he is not seeking to raise any new claims is indeed accurate." (ECF No. 14, PageID 1280). Almosdt a month later,

well outside the time allowed for a reply memorandum under S. D. Ohio Civ. R. 7.2, Petitioner filed a Reply which still did not attach a copy of the proposed amended petition (ECF No. 16).

Within a week thereafter the Magistrate Judge reference in the case was transferred to Magistrate Judge Merz (ECF No. 17). The next day he denied the Motion to Amend without prejudice to its re-filing with the proposed amended petition attached (ECF No. 18). Petitioner did not immediately re-file. Instead, he opposed the transfer of the reference "this far into litigation between the adversarial parties." (ECF No. 20, PageID 1309). At that point the case was ripe for decision on the original pleadings. Having heard nothing further from Petitioner, Magistrate Judge Merz filed the original Report on September 30, 2025 (ECF No. 22), approximately one month after the reference was transferred.

Only after the Original Report as filed and served did Petitioner, on October 9, 2025, file a renewed Motion to Amend with an attached proposed amended petition (ECF No. 23). On October 12, 2025, the Magistrate Judge denied that Motion as moot "because the Magistrate Judge has already filed a forty-one page R&R on the merits and the proposed Amended Petition does not require additional analysis." (ECF No. 24).

Petitioner included objections related to his Amended Petition in his Objections to the Original Report (ECF No. 26), have mailed and thereby filed[2] on October 19, 2025. *Id.* at PageID 1395. However, the substance of the objection relates to the Magistrate Judge's denial of his original Motion to Amend and again asserts the amended petition was attached. As to denial of the original motion to amend, these objections are grossly untimely: the Decision on the initial motion to amend was served on Petitioner by mail on September 4, 2025, making objections due to be filed by September 21, 2025. Petitioner writes:

---

[2] Applying the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988).

> Petitioner received the 9-04-25 order for dismissal [denial of motion to amend] and refiling on September 12, 2025. He resubmitted the revised Motion for Leave to Amend along with the Amended Petition to the Institution on 9-23-2025. Though there was no response time included in the order, he complied in less than the minimum Fourteen day period.

(ECF No. 26, 1381). Petitioner's own Certificate of Service belies this claim. He himself claims to have deposited the renewed Motion to Amend to prison authorities on September 30, 2025. ECF No. 23, PageID 1358. Petitioner has not explained why, if the amended petition had already been typed as he claimed, it took almost a month to submit it to the Court.

Turning from procedure to substance, Petitioner insists that the only change to the original Petition in the proposed Amended Petition is in Ground Three where, he says, only additional facts are stated. Petitioner seeks to add the claim that "counsel's failure to seek exclusion of the statement that the family is afraid appellant will kill them cannot reasonably be viewed as trial strategy or tactical choice." The Court agrees with the Magistrate Judge's recommended deference to the Tenth District's decision on this point. As with other failures to object to testimony, making the objection may call the jury's attention to a comment which otherwise would have passed unremarked. Whether the objection is or is not sustained, the jury has already heard the witness's comment. A sustained objection with an instruction to ignore a comment inevitably calls attention to the comment and may make it psychologically harder for the jury to ignore. Therefore, the Tenth District's decision on Petitioner's claim of ineffective assistance of trial counsel is not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), regardless of whether the Court considers the original Ground Three or Ground Three as stated in the proposed amendment.

**Motion for Discovery**

Petitioner filed a Motion for Discovery July 17, 2025 (ECF No. 11) which Respondent timely opposed (ECF No. 13). The Motion was therefore ripe for decision when the Magistrate Judge reference was transferred to Magistrate Judge Merz. He analyzed the discovery request as made in support of Petitioner's *Brady/Youngblood* claims in his First Grounded for Relief. He then held the Tenth District's decision of those claims, which is quoted as length, would be entitled to deference under 28 U.S.C. § 2254(d)(1) and, in the alternative, that any new evidence discovered in this case would be inadmissible under *Cullen v. Pinholster,* 563 U.S. 170 (2011)(Decision and Order, ECF No. 19, Sept. 5, 2025).

That Decision was served on Petitioner by mail on the date it was filed, making objections due September 22, 2025.[3] Petitioner objected:

> Given the seriousness of the encroachment, the states arrival at a factual conclusion with incomplete evidence, the State appeals court failure to hold a hearing to expand the record, and the unreasonableness of the State's decision, petitioner implores this court to bind this case to those cases which fit the exception to *Pinholster*, See also *Caudill v. Conover*, 871 F. Supp. 2d 639, 649.

(ECF No. 26, PageID 1382). In the Supplemental Report, the Magistrate Judge noted that the judicial officer deciding *Caudill* had barred discovery, not granted it, on the same basis the Magistrate Judge here had done (Supplemental Report, ECF No. 28, PageID 1403). In his Objections to the Supplemental Report, Petitioner again cites *Caudill* but does not explain how it supports his position on discovery instead of that taken by the Magistrate Judge here, to wit, that it is barred by *Pinholster*.

---

[3] Petitioner complains at several points in his current Objections about the amount of time the Magistrate Judge has allowed for him to file various matters. In fact, the time limits in question are set by the Supreme Court of the United States in adopting the Federal Rules of Civil Procedure and the Rules Governing Habeas Corpus Proceedings under the Rules Enabling Act.

The Court agrees with the Magistrate Judge's position barring Petitioner's request for discovery on the basis of *Pinholster*. No case law known to the Court would permit introduction in this habeas proceeding of the fruits of the discovery Petitioner seeks to carry out.

## Conclusion

Based on the foregoing analysis, the Court adopts the Magistrate Judge's Reports and overrules Petitioner's Objections to them and to the Magistrate Judge's decisions on the motions to amend and for discovery. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Dated: November 9, 2026

Algenon L. Marbley
United States District Judge